# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GALAXY DISTRIBUTING OF WV, INC.,**
**Employer Below, Petitioner**

**FILED**

November 6, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0803** (BOR Appeal No. 2054172)
(Claim No. 2017018434)

**LEWIS D. SPANGLER,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Galaxy Distributing of WV, Inc., by Counsel James W. Heslep, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review").[1]

The issue on appeal is permanent partial disability. The claims administrator granted a 12% permanent partial disability award on January 19, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its March 21, 2019, Order. The Order was reversed by the Board of Review on August 26, 2019, and Mr. Spangler was granted a 23% permanent partial disability award.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Spangler, a truck driver, injured his right shoulder and hand in the course of his employment on December 28, 2016, in a motor vehicle accident. A right shoulder MRI was performed on January 19, 2017, and showed a rotator cuff tear, mild tendinopathy, biceps tenosynovitis, moderate to advanced acromioclavicular joint osteoarthritis, and subacromial spurring. The claim was held compensable for right shoulder sprain and right hand laceration on January 30, 2017.

---

[1]A response was not filed.

1

Syam Stoll, M.D., performed a physician review on March 31, 2017, in which he noted that Philip Surface, M.D., had examined Mr. Spangler and recommended a reverse total shoulder arthroplasty. Dr. Stoll concluded that the medical evidence did not support attributing the necessity for the surgery to the compensable injury. He therefore recommended that the request for surgery be denied. Dr. Surface performed a reverse total shoulder arthroplasty on May 22, 2017. The post-operative diagnosis was severe right shoulder osteoarthritis with rotator cuff deficiency.

In a December 1, 2017, independent medical evaluation, Prasadarao Mukkamala, M.D., found that Mr. Spangler had reached maximum medical improvement. He assessed 11% upper extremity impairment for range of motion deficiencies and 30% for a reverse total shoulder arthroplasty. The impairments combined and converted to 23% whole person impairment. Dr. Mukkamala apportioned 11% impairment for preexisting arthrosis. He recommended 12% impairment for the compensable injury. The claims administrator granted a 12% permanent partial disability award on January 19, 2018.

Mr. Spangler submitted several statements from August of 2018. James Todd stated that prior to the compensable injury, Mr. Spangler was able to perform all of his job duties without restrictions. Teresa Cash stated that Mr. Spangler had full use of his right arm prior to the compensable injury. Lora Halstead also completed a signed statement asserting that he had full use of his right arm prior to the compensable injury. Harry Lee Odell Sr. stated that he has known Mr. Spangler for several years. He asserted that he had no right shoulder difficulties prior to the compensable injury.

The Office of Judges affirmed the claims administrator's grant of a 12% permanent partial disability award in its March 21, 2019, Order. The Office of Judges found that the only relevant medical evidence was the independent medical evaluation performed by Dr. Mukkamala. Dr. Mukkamala found 23% impairment but apportioned 11% to preexisting arthrosis. The Office of Judges concluded that Dr. Mukkamala's apportionment was consistent with West Virginia Code §23-4-9b and the medical evidence. The Office of Judges noted that an MRI performed weeks after the compensable injury showed moderate to advanced acromioclavicular joint osteoarthrosis. Further, Dr. Surface's operative report included a post-operative diagnosis of severe right shoulder osteoarthritis. The Office of Judges also found that there was no medical evidence of record refuting Dr. Mukkamala's assessment.

The Board of Review reversed the Office of Judges' Order on August 26, 2019. It found that the only impairment rating of record was assessed by Dr. Mukkamala. Dr. Mukkamala noted that Mr. Spangler was injured in a work-related motor vehicle accident. He sustained a right rotator cuff tear and underwent surgery. Dr. Mukkamala found 23% impairment but apportioned 11% to preexisting arthrosis. The Board of Review found that the record does not support Dr. Mukkamala's apportionment and does not establish that Mr. Spangler had a definitely ascertainable preexisting impairment. Relying upon *Minor v. West Virginia Division of Motor Vehicles*, No. 17-0077, 2017 WL 6503113 (W. Va. Dec. 19, 2017) (memorandum decision), the Board of Review determined that though Mr. Spangler may have had preexisting changes in his right shoulder, those changes did not appear to affect his work or daily activities. The Board of Review found no evidence that he had symptoms prior to the compensable injury and therefore

2

concluded that Dr. Mukkamala's apportionment was arbitrary and speculative. It granted Mr. Spangler a 23% permanent partial disability award.

After review, we agree with the reasoning and conclusions of the Board of Review. West Virginia Code §23-4-9b states:

> [w]here a claimant has a definitely ascertainable impairment resulting from an occupational or nonoccupational injury, disease or any other cause, whether or not disabling, and the employee, thereafter receives an injury in the course of and resulting from his or her employment, unless the subsequent injury results in total permanent disability within the meaning of section one, article three of this chapter, the prior injury, and the effect of the prior injury, and an aggravation, shall not be taken into consideration in fixing the amount of compensation allowed by reason of the subsequent injury. Compensation shall be awarded only in the amount that would have been allowable had the employee not had the preexisting impairment.

The key part of this section is whether "a claimant has a *definitely ascertainable impairment* resulting from an occupational or nonoccupational disease". In this case, the Board of Review was correct to find that there is no evidence of record indicating that Mr. Spangler had impairment prior to the compensable injury. All evidence of record indicates he had full use of his right shoulder prior to the compensable injury. Mr. Spangler was capable of performing his work duties and daily activities. The Board of Review was correct to find Dr. Mukkamala's apportionment to be incorrect.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 6, 2020**


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison